UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                           :           CASE NO.: 16-21262-AJC
                                                 :
MOSHE ENBAR,                                     :           CHAPTER 7
                                                 :
          Debtor.                                :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 16, 2017 (the "*Petition Date*").

2. Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3. The §341 Meeting of Creditors was held and concluded on September 15, 2016 (the "*341 Meeting of Creditors*").

4. The Trustee, through counsel, conducted a Rule 2004 Examination of the Debtor on November 14, 2016.

5. The Trustee, through counsel, conducted a Rule 2004 Examination of the Debtor's wife, Linda Enbar, on February 8, 2017.

6. The Trustee conducted a Rule 2004 Examination of the Debtor on May 2, 2017.

7. The Trustee has investigated, among other things, the propriety of the Debtor's claimed exemptions, the Debtor's financial condition, and the Debtor's business transactions.

8. The Trustee has found no evidence that the Debtor has transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or

concealed property of the debtor, within one year before the date of the filing of the petition.

9. The Trustee has not found evidence that the Debtor has in or in connection with the case made a false oath or account.

10. The Trustee has not found evidence that the Debtor has withheld from the Trustee any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11. The Debtor has not failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities.

12. The Trustee has: investigated transactions related to- 210 174 St., #1716 Sunny Isles Beach, FL 33160, 345 Broadway Lawrence, NY 11559, and 19355 Turnberry Way #26A Aventura, FL 33180; investigated any transactions regarding the following trusts, which may or may not exist- Lawrence Enbar Trust, Linda Enbar Asset Trust, Adam Enbar Trust, Melissa Benzel Trust; evaluated the Debtor's listed Household Goods and Furnishings, Electronics, Jewelry, Magnum Real Estate Services, Inc.; investigated the following entities- Magnum Realty Holdings LLC, Lawrence Moving and Storage, Inc., and 164 West 146 Street LLC, Enbar Investments LLC; and generally investigated the Debtor's financial condition and business transactions.

13. In order to, among other things: (a) avoid the costs and uncertainties of further discovery and litigation; and (b) ensure that the totality of any recovery is not consumed by administrative expenses, without any of the Parties admitting any fault or liability, the Parties agreed to settle this matter amicably and without further litigation all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

Case No.: 16-21262-AJC

### The Settlement

14. The Settling Parties agree to pay to the Trustee, and the Trustee agrees to accept, the total sum of Fifteen Thousand and 0/100 dollars ($15,000.00) in cleared funds (the "*Settlement Amount*"), to be paid within 5 days after the order approving the Settlement becomes final and non-appealable.

15. The Settlement Payment shall be made via cashier's check or money orders made payable to "Robert Angueira, Trustee," shall clearly state the name of the Debtor and the case number, and shall be delivered to Robert Angueira at 16 SW 1st Avenue, Miami, Florida 33130.

16. Upon payment of the sum of $15,000:

    a. the Settling Parties shall be released of any and all causes of action vested in the estate by operation of State or federal law; and

    b. the Trustee shall forego objecting to the Debtor's exemptions, the value of non-exempt property, and the Debtor's discharge.

17. As a material inducement to the Trustee's entry into this Stipulation, the Debtor represents and warrants that: (a) all information contained in his Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and documentation provided by, or on behalf of the Debtor to the Trustee (collectively, the "Documents") are true, correct and accurate; (d) the Documents contain no material errors, omissions or misrepresentations.

18. In the event that the Settling Parties fail to comply with the terms of the Stipulation, including making any agreed-upon payment on a timely basis, or should the Trustee discover that any of the Debtor's representations or warranties contained herein are untrue, the Trustee shall have the right to proceed against any and all assets of the Debtor including, but not limited

to, the property the Debtor has claimed as exempt, for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(l0), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking his discharge. However, no discharge shall be revoked without a hearing.

19. The foregoing provisions of the Stipulation are included as a summary and is not a complete recitation of the terms of the Stipulation. Accordingly, parties should review the Stipulation in its entirety for a better understanding of all the terms thereof and not rely solely upon the summary above.

<u>**The Settlement Should be Approved**</u>

20. The Trustee requests approval of the Settlement because it is fair and reasonable, falls within the range of possible outcomes and is in the best interest of the parties involved.

21. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

22. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The

test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W. T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

23. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II. Ltd.*), 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

24. On Schedule A, Item #1.1, the Debtor declared that as of Petition Date he owned an interest in certain real property located at 210 174 St #1716, Sunny Isles Beach, FL 33160 (the "***Homestead Property***"), which the Debtor claimed exempt pursuant to Fla. Const. art. X, § 4(a)(1) Fla. Stat. Ann. §§222.01 & 222.02.

25. The Trustee argues that the Estate may have certain causes of action and or objections regarding the Homestead Property. However, in order to be able liquidate the Homestead Property the Trustee would have to object to the Debtor's claimed Homestead Exemption and therefore litigate against the Debtor. There would be additional expenses associated with the litigation, and inconvenience and delay necessarily attending it.

26. Even if the Trustee's objection were sustained and the Trustee was allowed to liquidate the Homestead Property, the Estate would have to incur additional expenses to sell the Homestead Property. The Trustee argues that it appears that there would be no monetary net gain

to the creditors because the estate will be getting very close to the amount that is at issue in this matter.

27. For example, the Homestead Property has a mortgage of approximately $265,000.00. The value of the Homestead Property pursuant to the Miami-Dade Property Appraiser is $250,600.00 and $311,506.00 pursuant to Zillow.  The Trustee anticipates that the fees and costs associated with litigating the matter, and liquidating the Homestead Property, would likely exceed the amounts to be recovered.

28. Because, among other things, the Proposed Settlement: (a) avoids the expense and uncertainty of litigation (b) monetizes the Estate's interest in the Property; and (c) avoids the expense and uncertainty of marketing and liquidating the Property, the Trustee believes that the Proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement as fair and reasonable, and within the reasonable range of possible litigation outcomes. In addition, the Proposed Settlement minimizes administrative expenses to the Estate, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

29. Based on the specific facts and circumstances of this case, the Trustee has determined that $15,000.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

30. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this

Case No.: 16-21262-AJC

motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting

such other and further relief as this Court deems appropriate.

Respectfully submitted this 7th day of August, 2017.

> ROBERT A. ANGUEIRA, P.A.
> 16 S.W. 1st Avenue
> Miami, Florida 33130
> Tel. (305) 263-3328
> Fax (305) 263-6335
> e-mail yanay@rabankruptcy.com
>
> By _____
> YANAY GALBAN, ESQ
> Florida Bar No. 0105146

Case No.: 16-21262-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this

*7th* day of August, 2017, to all parties on the enclosed mailing matrix and the following parties:

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of

Electronic Filing on this *7th* day of August, 2017, to:

- Robert A Angueira    trustee@rabankruptcy.com,
  fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabank
  ruptcy.com;lillian@rabankruptcy.com
- Jeffrey S Fraser    bkfl@albertellilaw.com
- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com
- Kevin C Gleason    kgpaecmf@aol.com
- Steven G Legum    sgl@legum.biz
- Ashleigh C McKenzie    bkfl@albertellilaw.com
- Steven S Newburgh    snewburgh@mclaughlinstern.com,
  ssn@newburghlaw.net;pcampbell@mclaughlinstern.com;arotan@mclaughlinstern.com;B
  Elliott@mclaughlinstern.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Amanda Peterson    apeterson@wegandmyers.com
- Jeffrey Solomon    solomonjeffrey@hotmail.com, valery.solomonlaw@gmail.com
- Stuart A Young    syoung@ybplaw.com

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                     :          CASE NO.: 16-21262-AJC
                                           :
MOSHE ENBAR,                               :          CHAPTER 7
                                           :
        Debtor.                            :
_____/

## STIPULATION FOR SETTLEMENT

This Stipulation for Settlement (the "Stipulation") is made this 3 day of August, 2017 by and between (a) Maurice (Moshe) Enbar (the "Debtor"); (b) Linda Enbar; (c) Adam Enbar; (d) Melissa Benzel (the foregoing collectively referred to as the "Settling Parties"); and (e) Robert A. Angueira, solely in his capacity as Chapter 7 trustee of the bankruptcy estate of the Debtor (the "Trustee"), collectively referred to as the "Parties".

WHEREAS, on August 16, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of the bankruptcy code, Case No. 16-21262-AJC (the "Bankruptcy Case");

WHEREAS thereafter, the Trustee was appointed;

WHEREAS, the Trustee has investigated, among other things, the propriety of the Debtor's claimed exemptions, the Debtor's financial condition, and the Debtor's business transactions;

WHEREAS, the Trustee has found no evidence that the Debtor has transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition;

WHEREAS, the Trustee has not found evidence that the Debtor has in or in connection with the case made a false oath or account;

WHEREAS, the Trustee has not found evidence that the Debtor has withheld from the Trustee any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;



EXHIBIT
7

Blumberg No. 5118

WHEREAS, the Debtor has not failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities;

WHEREAS, the Trustee has: investigated transactions related to- 210 174 St., #1716 Sunny Isles Beach, FL 33160, 345 Broadway Lawrence, NY 11559, and 19355 Turnberry Way #26A Aventura, FL 33180; investigated any transactions regarding the following trusts, which may or may not exist- Lawrence Enbar Trust, Linda Enbar Asset Trust, Adam Enbar Trust, Melissa Benzel Trust; evaluated the Debtor's listed Household Goods and Furnishings, Electronics, Jewelry, Magnum Real Estate Services, Inc.; investigated the following entities- Magnum Realty Holdings LLC, Lawrence Moving and Storage, Inc., and 164 West 146 Street LLC, Enbar Investments LLC; and generally investigated the Debtor's financial condition and business transactions.

WHEREAS, in order to, among other things: (a) avoid the costs and uncertainties of further discovery and litigation; and (b) ensure that the totality of any recovery is not consumed by administrative expenses, without any of the Parties admitting any fault or liability, the Parties agreed to settle this matter amicably and without further litigation;

WHEREAS, the Parties wish to set forth the terms of their settlement in this Stipulation.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

1.  Recitals Incorporated. Recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of the Stipulation.

2.  Settlement Consideration. In full satisfaction, settlement and release of all fully scheduled and fully disclosed claims and assets in the bankruptcy case, the Settling Parties agree to pay to the Trustee, and the Trustee agrees to accept, the total sum of Fifteen Thousand and 0/100 dollars ($15,000.00) in cleared funds (the "Settlement Amount"), to be paid within 5 days after the order approving this Settlement becomes final and non-appealable.

3.  Upon payment of the sum of $15,000:

    a.  the Settling Parties shall be released of any and all causes of action vested in the estate by operation of State or federal law; and

    b.  the Trustee shall forego objecting to the Debtor's exemptions, the value of non-exempt property, and the Debtor's discharge.

4.    Condition Precedent. The Parties agree that enforceability of the Stipulation is subject only to entry of a final, non-appealable order of the Bankruptcy Court approving this Stipulation.

5.    Frustration of Purpose. None of the Parties shall take any action to intentionally frustrate the purpose of the Stipulation, and shall each use their best efforts to obtain Bankruptcy Court approval of this Stipulation.

6.    Fees and Costs. Each of the Parties agrees to bear their own attorneys' fees and costs with respect to the Bankruptcy Case and with respect to the Stipulation.

7.    Representations and Warranties: As a material inducement to the Trustee's entry into this Stipulation, the Debtor represents and warrants that: (a) all information contained in his Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and documentation provided by, or on behalf of the Debtor to the Trustee (collectively, the "Documents") are true, correct and accurate; (d) the Documents contain no material errors, omissions or misrepresentations.

8.    Default: In the event that the Settling Parties fail to comply with the terms of this Stipulation, including making any agreed-upon payment on a timely basis, or should the Trustee discover that any of the Debtor's representations or warranties contained herein are untrue, the Trustee shall have the right to proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor has claimed as exempt, for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(l0), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking his discharge. However, no discharge shall be revoked without a hearing.

9.    Binding Effect: The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

10.    Entire Agreement: The Stipulation constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no

communications or oral understandings contrary, different, or that in any way restrict the Stipulation, and that all prior agreements or understandings within the scope of the subject matter of the Stipulation are superseded, null and void.

11. Amendments: No waiver, modification or amendment of the terms of the Stipulation shall be valid or binding unless made in writing, signed by the Party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

12. Counterparts: The Parties may execute this Stipulation in whole or counterparts, and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted by facsimile and e-mail shall have the same effect as original signatures.

13. Choice of Law: This Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14. Best Efforts: The Parties and their counsel shall use their best efforts to effectuate the settlement of the stated terms and conditions set forth herein.

15. Neutral Interpretation: In the event any dispute arises among the Parties with regard to the interpretation of any term of this Stipulation, all of the Parties shall be considered collectively to be the drafting Party, and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16. Authority: Each Party to this Stipulation warrants and represents that the person signing this Stipulation on its behalf is duly authorized to enter into this Stipulation on behalf of such Party. Each Party signing this Stipulation separately acknowledges and represents that this representation and warranty is an essential and material provision of this Stipulation and shall survive execution of this Stipulation.

17. Illegality: If any clause, provision, or paragraph of this Stipulation shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Stipulation, and this Stipulation shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

18. Retention of Jurisdiction: The Bankruptcy Court shall retain sole and exclusive personal and subject matter jurisdiction over the Parties and the subject matter, interpretation,

effectuation, and enforcement of the terms of the Stipulation.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused the Stipulation for Settlement to be effective as of the date set forth above.

Robert A. Angueira,
solely in his capacity as Chapter 7 trustee

_____

Maurice (Moshe) Enbar, Debtor

_____

Linda Enbar

_____

Adam Enbar

_____

Melissa Benzel

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 16-21262-AJC |
| | : | |
| MOSHE ENBAR, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
### STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve

Stipulation to Compromise Controversy [D.E. #___] (the "*Motion*"). The Motion has been served

on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and

the Local Rules of this Court (on Negative Notice). The Court, having reviewed the file, the

Motion, the Stipulation attached as Exhibit "1" to the Motion, and record herein, good cause

having been shown, and being otherwise duly advised in the premises. It is therefore,

**ORDERED AND ADJUDGED** that:

1.    The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and



2.      conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*").

3.      The Debtor will pay the Trustee a total sum of $15,000.00 the total sum of Fifteen Thousand and 0/100 dollars ($15,000.00) in cleared funds (the "*Settlement Amount*"), to be paid within 5 days after this order becomes final and non-appealable.

4.      The Settlement Payment shall be made via cashier's check or money orders made payable to "Robert Angueira, Trustee," shall clearly state the name of the Debtor and the case number, and shall be delivered to Robert Angueira at 16 SW 1st Avenue, Miami, Florida 33130.

5.      Upon payment of the sum of $15,000:

   a. the Settling Parties shall be released of any and all causes of action vested in the estate by operation of State or federal law; and

   b. the Trustee shall forego objecting to the Debtor's exemptions, the value of non-exempt property, and the Debtor's discharge.

6.      Enforceability of the Stipulation is subject only to entry of a final, non-appealable order of the Bankruptcy Court approving this Stipulation.

7.      Under the terms of the Settlement, none of the Parties shall take any action to intentionally frustrate the purpose of the Stipulation.

8.      Under the terms of the Settlement, each of the Parties agrees to bear their own attorneys' fees and costs with respect to the Bankruptcy Case and with respect to the Stipulation.

9.      As a material inducement to the Trustee's entry into the Stipulation, the Debtor represents and warrants that: (a) all information contained in his Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and

documentation provided by, or on behalf of the Debtor to the Trustee (collectively, the "Documents") are true, correct and accurate; (d) the Documents contain no material errors, omissions or misrepresentations.

10.     Under the term of the Settlement, in the event that the Settling Parties fail to comply with the terms of the Stipulation, including making any agreed-upon payment on a timely basis, or should the Trustee discover that any of the Debtor's representations or warranties contained therein are untrue, the Trustee shall have the right to proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor has claimed as exempt, for the remainder of the amount due and owing as set forth in the Settlement. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated in the Settlement, and the provisions of 11 U.S.C. §727(a)(l0), the Debtor has agreed to waive any procedural requirements prior to the entry of an order revoking his discharge. However, no discharge shall be revoked without a hearing.

11.     The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

12.     The Stipulation constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict the Stipulation, and that all prior agreements or understandings within the scope of the subject matter of the Stipulation are superseded, null and void.

13.     No waiver, modification or amendment of the terms of the Stipulation shall be

3

valid or binding unless made in writing, signed by the Party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

14.    The Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

15.    Under the term of the Settlement, in the event any dispute arises among the Parties with regard to the interpretation of any term of the Stipulation, all of the Parties shall be considered collectively to be the drafting Party, and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16.    Under the terms of the Settlement, each Party to the Stipulation warrants and represents that the person signing the Stipulation on its behalf is duly authorized to enter into the Stipulation on behalf of such Party. As provided in the Stipulation, each Party signing the Stipulation separately has acknowledges and represents that this representation and warranty is an essential and material provision of this Stipulation and shall survive execution of this Stipulation.

17.    If any clause, provision, or paragraph of the Stipulation shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of the Stipulation, and the Stipulation shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained in the Stipulation.

18.    The settlement proceeds of $15,000.00 are allocated to the Estate's possible causes of action and or objections to regarding the Debtor's Homestead Property.

19.    The Bankruptcy Court shall retain sole and exclusive personal and subject matter jurisdiction over the Parties and the subject matter, interpretation, effectuation, and enforcement

4

of the terms of the Stipulation.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
Fax 305-263-6335
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*



Case 16-21262-AJC

50 East 119th Street, LLC
c/o Kahn & Goldberg, LLP
Michele Kahn, ESQ
708 3 Ave, 19 Floor
New York, NY 10017-4201

Bankamerica
4909 Savarese Circ
Tampa, FL 33634-2413

Bayview Financial Loan
4425 Ponce De Leon Blvd
Coral Gables, FL 33146-1873

Bk Of Amer
4909 Savarese Circ
Tampa, FL 33634-2413

Caliber Home Loans, In
Po Box 24610
Oklahoma City, OK 73124-0610

Capital One
Po Box 5253
Carol Stream, IL 60197-5253

Citi-shell
Po Box 6497
Sioux Falls, SD 57117-6497

Credit Coll
Po Box 607
Norwood, MA 02062-0607

Dodge Enterprises, Inc
c/o Hiday & Ricke, P.A.
Joe M Eckelkamp, ESQ
POB 550858
Jacksonville, FL 32255-0858

EAMA Capital, LLC
c/o Steven S. Newburgh, Esq.
525 Okeechobee Boulevard #1700
West Palm Beach, FL 33401-6327

AJAX WEST 123rd Street LLC
c/o Nachamie, Spizz, Cohen & Serchuck PC
425 Park Avenue 5 Floor
New York, NY 10022-3506

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Beach 116-23 LLC
c/o Law Offices of Martin Kurlander
100 Henry St
Brooklyn, NY 11201-1713

Builders Bank
c/o Law Offices of Richard D Grossman
225 W Wacker Dr
Suite 1550
Chicago, IL 60606-1223

Cap1/saks
3455 Hwy 80 West
Jackson, MS 39209-7202

Chase Auto
Po Box 901003
Ft Worth, TX 76101-2003

City National Bank fka Imperial Capital
Reed Smith LLP
599 Lexington Ave
New York, NY 10022-7684

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Dsnb Bloom
Po Box 8218
Mason, OH 45040-8218

U.S. Bank Trust, N.A.
c/o Albertelli Law
POB 23028
Tampa, FL 33623-2028

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

Barclays Bank Delaware
P.o. Box 8803
Wilmington, DE 19899-8803

Bk Of Amer
4909 Savarese Cir
Tampa, FL 33634-2413

CACH, LLC
c/o Andreu, Palma & Andreu, PL
1000 NW 57 CT #400
Miami, FL 33126-3292

Capital One
Po Box 30253
Salt Lake City, UT 84130-0253

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

City of National Bank
c/o Reed Smith LLP
599 Lexington Ave
New York, NY 10022-6030

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Dsnb Macys
Po Box 8218
Mason, OH 45040-8218

EAMA Capital LLC
c/o Heitner & Breitstein
26 Court St
Brooklyn, NY 11242-0103

EAMA Capital, LLC
c/o Sloane Properties
157-02 Crossbay Blvd #203
Howard Beach, NY 11414-2750

Fred & Michelle Goodstein
c/o Weg and Myers, P.C.
Federal Plaza
52 Duane Street, 2nd Floor
New York, NY 10007-1232

Grand Palm (NY) LLC
c/o Olshan Frome Wolosky LLP
Park Avenue Tower
65 E 55 St
New York, NY 10022-3372

Inter Capital Commercial Finance, LLC
333 Meadowlands Pkwy #304
Secaucus, NJ 07094-1820

Internal Revenue Service*
POB 7346
Philadelphia, PA 19101-7346

M&M Beach 116 Street LLC
c/o Law Offices of Martin Kurlander
100 Henry St
Brooklyn, NY 11201-1713

Mb Fin Svcs
36455 Corporate Dr
Farmington Hills, MI 48331-3552

Meir David Dery
c/o Law Offices of Martin Kurlander
100 Henry St
Brooklyn, NY 11201-1713

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096



Richard A. Legum
49 Meadow Lane
Lawrence, New York 11559-1827

Richard Legum
c/o Randy M Stein
170 Old Country Rd
Mineola, NY 11501-4322

Steven G Legum
170 Old Country Rd
Mineola, NY 11501-4311



Syncb/brandsmart
Po Box 965036
Orlando, FL 32896-5036

Syncb/brook Bros
Po Box 965005
Orlando, FL 32896-5005

Syncb/gateway
C/o P.o. Box 965036
Orlando, FL 32896-0001

Syncb/pc Richard
Po Box 965036
Orlando, FL 32896-5036

Syncb/sleepys
C/o Po Box 965036
Orlando, FL 32896-0001

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Td Rcs/mleigh
1000 Macarthur Bv
Mahwah, NJ 07430-2035

Thd/cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Toyota Motor Credit Co
1000 Bridgeport Ave # 4t
Shelton, CT 06484-4660

Unvl/citi
Po Box 6241
Sioux Falls, SD 57117-6241

Zaida Gardens LLC
c/o The Law Office of William F Guilford
40 Exchange Place #2010
New York, NY 10005-2790

Zaida Gardens LLC, Zananda Moody,
Sheila Wilson, Darryl Mayer
46 Trinity Place, 2nd Floor
New York, NY 10006-2269

Amanda Peterson
52 Duane Street 2nd Floor
New York, NY 10007-1232

Dennis T D'Antonio
52 Duane Street, Second Floor
New York, NY 10007-1207



Joshua L Mallin
52 Duane Street 2nd Floor
New York, NY 10007-1232

Martin Claire
8339 NW 74 St
Miami, FL 33166-2323

Moshe Enbar
210 174 St #1716
Sunny Isles Beach, FL 33160-3362







