

ORDERED in the Southern District of Florida on September 20, 2017.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 16-21262-AJC |
| MOSHE ENBAR, | : | CHAPTER 7 |
| Debtor. | : | |
| _____/ | | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came before the Court on September 19, 2017 at 11:30 A.M. to consider the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #150] (the "*Motion*"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. The Court, having reviewed the file, the Motion, the Stipulation attached as Exhibit "1" to the Motion, and record herein, good cause having been shown, and being otherwise duly advised in the premises. It is therefore,

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and

conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*").

2. The Debtor will pay the Trustee a total sum of $15,000.00 the total sum of Fifteen Thousand and 0/100 dollars ($15,000.00) in cleared funds (the "*Settlement Amount*"), to be paid within 5 days after this order becomes final and non-appealable.

3. The Settlement Payment shall be made via cashier's check or money orders made payable to "Robert Angueira, Trustee," shall clearly state the name of the Debtor and the case number, and shall be delivered to Robert Angueira at 16 SW 1st Avenue, Miami, Florida 33130.

4. Upon payment of the sum of $15,000:

   a. the Settling Parties shall be released of any and all causes of action vested in the estate by operation of State or federal law; and

   b. the Trustee shall forego objecting to the Debtor's exemptions, the value of non-exempt property, and the Debtor's discharge.

5. Enforceability of the Stipulation is subject only to entry of a final, non-appealable order of the Bankruptcy Court approving this Stipulation.

6. Under the terms of the Settlement, none of the Parties shall take any action to intentionally frustrate the purpose of the Stipulation.

7. Under the terms of the Settlement, each of the Parties agrees to bear their own attorneys' fees and costs with respect to the Bankruptcy Case and with respect to the Stipulation.

8. As a material inducement to the Trustee's entry into the Stipulation, the Debtor represents and warrants that: (a) all information contained in his Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and

documentation provided by, or on behalf of the Debtor to the Trustee (collectively, the "Documents") are true, correct and accurate; (d) the Documents contain no material errors, omissions or misrepresentations.

9. Under the term of the Settlement, in the event that the Settling Parties fail to comply with the terms of the Stipulation, including making any agreed-upon payment on a timely basis, or should the Trustee discover that any of the Debtor's representations or warranties contained therein are untrue, the Trustee shall have the right to proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor has claimed as exempt, for the remainder of the amount due and owing as set forth in the Settlement. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated in the Settlement, and the provisions of 11 U.S.C. §727(a)(l0), the Debtor has agreed to waive any procedural requirements prior to the entry of an order revoking his discharge. However, no discharge shall be revoked without a hearing.

10. The Stipulation shall be binding only upon and inure to the benefit of the Parties hereto and their respective successors and assigns. However, the Stipulation shall not be binding on any creditors, or otherwise affect the rights of any creditors, of the Estate.

11. The Stipulation constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict the Stipulation, and that all prior agreements or understandings within the scope of the subject matter of the Stipulation are superseded, null and void.

12. No waiver, modification or amendment of the terms of the Stipulation shall be valid or binding unless made in writing, signed by the Party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

13. The Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14. Under the term of the Settlement, in the event any dispute arises among the Parties with regard to the interpretation of any term of the Stipulation, all of the Parties shall be considered collectively to be the drafting Party, and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15. Under the terms of the Settlement, each Party to the Stipulation warrants and represents that the person signing the Stipulation on its behalf is duly authorized to enter into the Stipulation on behalf of such Party. As provided in the Stipulation, each Party signing the Stipulation separately has acknowledges and represents that this representation and warranty is an essential and material provision of this Stipulation and shall survive execution of this Stipulation.

16. If any clause, provision, or paragraph of the Stipulation shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of the Stipulation, and the Stipulation shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained in the Stipulation.

17. The settlement proceeds of $15,000.00 are allocated to the Estate's possible causes of action and or objections regarding the Debtor's Homestead Property.

18. The Bankruptcy Court shall retain sole and exclusive personal and subject matter

jurisdiction over the Parties and the subject matter, interpretation, effectuation, and enforcement of the terms of the Stipulation.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
Fax 305-263-6335
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*